IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDMOND LOUIS COTE,<br><br>Defendant. | No. CR07-0107<br><br>REPORT AND RECOMMENDATION REGARDING MOTION TO SUPPRESS |

## TABLE OF CONTENTS

*I.   INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.  ISSUE PRESENTED.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III. RELEVANT FACTS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*IV.  ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A.   Was the Search Warrant Supported By Probable Cause?.* . . . . . . . . . . 3
    *B.   Does the Leon Good Faith Exception Apply?.* . . . . . . . . . . . . . . 6

*V.   CONCLUSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*VI.  RECOMMENDATION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I. INTRODUCTION

On the 1st day of February 2008, this matter came on for hearing on the Motion to Suppress (docket number 11) filed by Defendant on January 18, 2008. The Government was represented by Special Assistant United States Attorney Mark A. Tremmel. Defendant Edmond Louis Cote appeared personally and was represented by his attorney, Assistant Federal Public Defender Jane Kelly.

## II. ISSUE PRESENTED

Defendant claims that the Search Warrant issued for his home on December 5, 2007, was not supported by probable cause and, therefore, the evidence seized from the search must be suppressed. The Government argues that the Search Warrant was supported by probable cause. In the alternative, the Government argues that the good faith exception found in *United States v. Leon*, 468 U.S. 897 (1984), is applicable here.

## III. RELEVANT FACTS

On December 5, 2007, shortly after midnight, Officer Rebecca Fort of the Cedar Rapids Police Department submitted an Application for Search Warrant to Iowa District Associate Judge Jane Spande. In her application, Officer Fort requested authority to search a residence located on 80th Street Northwest in Palo, Iowa. The Application for Search Warrant was supported by "Attachment A" prepared by Officer Fort.[1]

According to the affidavit in support of the Application for Search Warrant, Attachment A, on December 4, 2007, Officer Fort was dispatched to 1st Avenue Northwest in Cedar Rapids, Iowa, in reference to a report of threats being made by a student at Taft Middle School. Officer Fort spoke with two Taft Middle School students and their parents. Officer Fort described their conversation as follows:

> [The Students informed Officer Fort] that Nicholas Cote age 14, who attends Taft Middle School, had told five other students that he was going to do a shooting at the school. As he was telling them this, he displayed a dark handled dagger type knife that he had attached to his ankle in a dark colored sheath. He spoke in detail of a plan to shoot students at Taft Middle School. Cote said that he knows where all the security cameras are located in the school. He said he knows a hallway that does not have security cameras. He was going to go in that hallway, pull the fire alarm, and then use the ladder that is in that area and climb onto the roof. As the students were exiting the building because of the alarm, Cote would start

---

[1] The Application for Search Warrant (including Attachment A), Search Warrant, and Endorsement on Search Warrant Application were introduced at the Hearing as Government's Exhibit 1 and filed under seal.

shooting the students using is dad's AK-47 rifle. He also
mentioned using a Magnum type firearm.

*See* Application for Search Warrant (Government's Exhibit 1), Attachment A.

At the hearing, Officer Fort testified that on December 5, 2007, after being placed under oath by Judge Spande, she provided the judge with additional information not contained in the Application or Attachment A. Specifically, Officer Fort testified that she told Judge Spande that she had spoken with the Taft Middle School principal prior to seeking the Search Warrant, and the principal informed her that Nicholas Cote lived with his parents at the residence located on 80th Street Northwest in Palo, Iowa. Additionally, in the Endorsement on Search Warrant Application, Judge Spande notes that Officer Fort informed her that "the juveniles perceived the threat as against them once they told others of their conversation with Cote." *See* Endorsement on Search Warrant Application (Government's Exhibit 1).

Acting on the Application for Search Warrant provided by Officer Fort, Judge Spande issued a Search Warrant on the residence located on 80th Street Northwest in Palo, Iowa. The Search Warrant was executed later that same day, resulting in the seizure of two firearms; an Arma Lite rifle, 5.56 mm, Model M15A2, serial number US113048, and a Ruger handgun, 9 mm, Model P95DC, serial number 311-66606.

## *IV. ANALYSIS*

### *A. Was the Search Warrant Supported By Probable Cause?*

The Fourth Amendment to the United States Constitution protects persons and their houses against unreasonable searches and seizures. "[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. AMEND. IV. In making a probable cause determination, "[t]he task of the issuing magistrate [or judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or

evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Stated otherwise:

> If an affidavit in support of a Search Warrant "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place,'" probable cause to issue the warrant has been established.

*United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (quoting *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006)). The Court examines the sufficiency of a search warrant affidavit using a "common sense" and not a "hypertechnical" approach. *Id.* at 632 (citing *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005)).

Defendant argues that the Search Warrant lacked probable cause because the Application for Search Warrant and supporting affidavit, Attachment A, did not "explain or describe the connection between the middle school student, or the criminal activity he was alleged to have been engaged in, and the location to be searched."[2] Specifically, Defendant notes that the affidavit lacks any information linking Nicholas Cote and his alleged criminal activity with the residence located on 80th Street Northwest in Palo, Iowa. At the hearing, Defendant's counsel conceded that if the affidavit had included an additional sentence, stating that Cote lived at the residence on 80th Street with his parents, then probable cause would have existed for issuance of a warrant.

When an issuing judge relies solely on a supporting affidavit to issue a search warrant, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *Solomon*, 432 F.3d at 827 (quoting *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999), in turn quoting *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)); *see also United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006) ("Where there is no evidentiary hearing before the magistrate judge, the probable cause determination must be based upon 'only that information which is found within the four corners of the affidavit.'" (quotations

---

[2] *See* Defendant's Brief (docket number 11-2) at 3.

4

omitted)); *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982) ("[A]t the time the warrant was applied for, the issuing magistrate relied solely on the affidavit which was presented to him, and that no evidence was adduced before the magistrate. In these circumstances, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.").

The Fourth Amendment, however, allows a judge issuing a search warrant "to consider sworn oral testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant." *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir. 1971) (citation omitted); *United States v. Berkus*, 428 F.2d 1148, 1150 (8th Cir. 1970) (The "substantive practicalities" of the Fourth Amendment allow a judge issuing a search warrant "to supplement the affidavit by sworn testimony of the officer."). While best practice would call for the judge to include an abstract of the testimony in his or her endorsement to the application, such a writing is not required. *Campbell v. Minnesota*, 487 F.2d 1, 4-5 (8th Cir. 1973) (providing that while it is preferable to make a recording of oral testimony used to supplement an affidavit, such a procedure is not required by the Fourth Amendment).

At the hearing, Officer Fort testified that while under oath, she informed Judge Spande that she had met with the Taft Middle School principal and established that Cote lived with his parents at the residence located on 80th Street Northwest in Palo, Iowa.[3] The Court finds that Officer Fort was credible. That is, the Court finds that Judge Spande was orally provided the necessary link between Cote, his alleged criminal activity, and the residence to be searched for purposes of probable cause. *See Frazier*, 441 F.2d at 1226 (an issuing judge may consider sworn oral testimony supplementing a duly executed affidavit when determining probable cause); *see also Campbell*, 487 F.2d at 4-5 (providing that while it is preferable to make a recording of oral testimony used to supplement an affidavit, such a procedure is not required by the Fourth Amendment). Given all of the

---

[3] Defendant does not dispute Officer Fort's testimony and provides no evidence challenging Officer Fort's testimony.

5

circumstances set forth in the Application for Search Warrant, including Attachment A, and Officer Fort's sworn oral testimony, the Court concludes that there was a "fair probability" that evidence of a crime could be found at the residence located on 80th Street Northwest in Palo, Iowa. *Gates*, 462 U.S. at 238. Accordingly, the Court finds that the Search Warrant issued on December 5, 2007, was supported by probable cause.

### B. Does the Leon Good Faith Exception Apply?

The Government also argues that the good faith exception enunciated in *United States v. Leon*, 468 U.S. 897 (1984), is applicable in this matter. For the reasons set forth above, the Court believes that it is unnecessary for the district court to address the good faith exception, since there existed probable cause for the Search Warrant. Nonetheless, the Court will address the issue in case the district court disagrees with its analysis on probable cause.

The good faith exception provides that disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant. *Leon*, 468 U.S. at 922. The Government may not rely on the good faith exception, however, if one of four circumstances are present.

> The Supreme Court has identified four circumstances in which an officer's reliance on a search warrant would be objectively unreasonable: (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge "wholly abandoned his judicial role" in issuing the warrant; (3) when the affidavit in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) when the warrant is "so facially deficient" that the executing officer could not reasonably presume the warrant to be valid.

*Grant*, 490 F.3d at 632-633 (citing *Leon*, 468 U.S. at 923).

Defendant focuses his argument on the third *Leon* exception and contends that "[t]he application in support of the warrant in this case is so lacking in indicia of probable cause

6

to search the identified residence that no reasonable officer would rely on it."[4] Defendant further argues that when determining whether the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the Court must consider only the information contained in the four corners of the search warrant application and accompanying affidavit. Defendant maintains that the affidavit in support of the search warrant in this case lacks any information linking Cote, or his alleged criminal activity, and the location to be searched. Defendant therefore asserts that the Search Warrant is so lacking in any indicia of probable cause that no reasonable officer could rely on its validity. Defendant concludes that because the third *Leon* exception applies in this case, the issue of good faith on the part of the officer executing the warrant should no longer be considered by the Court.[5]

When assessing the objective reasonableness of a police officer who executed a warrant, courts look to the totality of the circumstances, "'including any information known to the officers but not presented to the issuing judge.'" *United States v. Guzman*, 507 F.3d 681, 685 (8th Cir. 2007) (quoting *United States v. Marion*, 238 F.3d 965, 969 (8th Cir. 2001), in turn quoting *United States v. Simpkins*, 914 F.2d 1054, 1057 (8th Cir. 1990)). In *Marion*, the defendant argued that the third *Leon* exception was applicable

---

[4] *See* Defendant's Brief (docket number 11-2) at 4.

[5] Defendant directs the Court to *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002). In *Martin*, the Eleventh Circuit Court of Appeals, when making its determination of whether any of the *Leon* good faith exceptions applied, looked first at "the face of the particular affidavit at hand in order to determine whether the warrant is so devoid of probable cause that [the officer's] belief in its validity at the time it was issued was entirely unreasonable." *Martin*, 297 F.3d at 1313. Defendant suggests that this Court should follow *Martin* and only look at the "face" of the affidavit for determining whether the third Leon exception is applicable in this case. The Court rejects this suggestion, however, because the Eighth Circuit Court of Appeals has held that when assessing the objective reasonableness of a police officer who executed a warrant, the Court is not required to look only at the "face of the particular affidavit," but may look at the totality of the circumstances, including information known to the executing officers but not presented to the issuing judge. *United States v. Guzman*, 507 F.3d 681, 685 (8th Cir. 2007) (citations omitted).

because the affidavit in support of the search warrant lacked any mention of criminal activity connected to him or the place to be searched. *Marion*, 238 F.3d at 969. The Eighth Circuit Court of Appeals disagreed with defendant's argument and determined that:

> the affiant officer, who was an experienced narcotics officer, testified at the suppression hearing that he saw [the defendant] make two or three stops after leaving the motel room and that such brief stops are consistent with drug distribution. In addition, the affiant officer and the officer who found the cocaine inside the beer can (and who was also an experienced narcotics officer) each testified that that amount of crack cocaine was consistent with distribution and much greater than an amount typical of personal use. This information was not included in the affidavit. However, that information, plus the information included in the affidavit . . . was sufficient to show that the executing officers' reliance on the issuing judge's determination of probable cause to search the motel room for evidence of drug activity was objectively reasonable.

*Id.*; *see also Guzman*, 507 F.3d at 685 (in discussing *Marion*, the Eighth Circuit stated "[w]e upheld the search under the good faith rule, relying on both information in the affidavit supporting the search warrant, which established a connection between the defendant and the place to be searched, plus the officers's knowledge of criminal activity that was not included in the affidavit."). Similar to *Marion*, in *Guzman*, the defendant also argued that the third *Leon* exception was applicable because "the affidavit attached to the warrant . . . established a connection between the defendant . . . and the place to be searched, . . . but it lacked the connection between the place to be searched and the alleged criminal activity." *Guzman*, 507 F.3d at 685. Also like *Marion*, the police officer in *Guzman* had knowledge of the defendant's criminal activity and the Eighth Circuit determined that "under the totality of the circumstances," the information in the affidavit, plus the police officer's knowledge of criminal activity made it reasonable for the officer to believe that the search warrant was valid. *Id.* at 685-86.

This case is similar to both *Marion* and *Guzman*. Here, instead of lacking a connection to the alleged criminal activity, Officer Fort's affidavit in support of the

Application for Search Warrant does not link Cote, or his alleged criminal activity, and the location to be searched. Officer Fort testified at the hearing, however, that she spoke with the principal at Taft Middle School, who informed her that Cote lived with his parents at the residence located on 80th Street Northwest in Palo, Iowa. Thus, Officer Fort had knowledge connecting Cote to the place to be searched even though it was not included in her affidavit. Having considered the totality of the circumstances, the Court finds that the search in this case should be upheld under the *Leon* good faith rule because Officer Fort's knowledge of Cote's connection to the place to be searched, together with the information contained in her affidavit, is sufficient to show her reasonable reliance on the issuing judge's determination of probable cause. *See Marion*, 238 F.3d at 969 and *Guzman*, 507 F.3d at 685-86. Accordingly, the Court determines that the officers acted reasonably in relying on the validity of the search warrant.

In summary, the Court concludes that even if the Search Warrant was not supported by probable cause, the evidence seized pursuant to the Warrant is nonetheless admissible pursuant to the good faith exception established by the Court in *Leon*.[6]

## V. CONCLUSION

In the Motion to Suppress, Defendant argues that the Search Warrant issued on December 5, 2007, was not supported by probable cause. For the reasons set forth above, I disagree. Even if probable cause was lacking for the issuance of the Search Warrant, I believe the evidence seized is nonetheless admissible pursuant to the *Leon* good faith exception, as urged by the Government. Accordingly, Defendant's Motion to Suppress should be denied.

---

[6] If the district court concludes that the *Leon* good faith exception is applicable, then it need not address the issue of whether the Search Warrant is supported by probable cause. *See, e.g., United States v. Puckett*, 466 F.3d 626, 629 (8th Cir. 2006); *United States v. Ross*, 487 F.3d 1120, 1122 (8th Cir. 2007); *United States v. Pruett*, 501 F.3d 976, 979 (8th Cir. 2007) ("If the District Court was correct in concluding that the *Leon* good-faith exception to the exclusionary rule applies, it is unnecessary for us to engage in a probable-cause analysis.").

## VI. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the district court **DENY** the Motion to Suppress (docket number 11) filed by Defendants on January 18, 2008.

The parties are advised, pursuant to 18 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the district court.

DATED this 6th day of February, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA