**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

EDMOND LOUIS COTE,

       Defendant.

No. 07-CR-107-LRR

**ORDER**

---

*TABLE OF CONTENTS*

I.    **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   **PROCEDURAL HISTORY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  **STANDARD OF REVIEW** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.  **THE MERITS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    A.   *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    B.   *Relevant Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

        1.   *Fourth Amendment and Exclusionary Rule* . . . . . . . . . . . . *3*

        2.   *Exception to the Exclusionary Rule* . . . . . . . . . . . . . . . . . . *5*

    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

        1.   *Objection 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

        2.   *Objection 2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

        3.   *Objections 3-4* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

        4.   *Objections 5-8* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

V.   **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*I. INTRODUCTION*

The matter before the court is Defendant Edmond Louis Cote's Objections to Report and Recommendation ("Objections") (docket no. 22). Essentially, Defendant disagrees

with the conclusion in the Report and Recommendation (docket no. 17) that the Motion to Suppress ("Motion") (docket no. 11) should be denied.

## II. PROCEDURAL HISTORY

On December 11, 2007, the grand jury returned a one-count Indictment against Defendant. The Indictment charges that, on or about December 5, 2007, Defendant, as an unlawful user of marijuana, knowingly possessed an Arma Lite rifle, 5.56 mm, Model M15A2, serial number US113048, and a Ruger handgun, 9 mm, Model P95DC, serial number 311-66606, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Indictment also includes a forfeiture allegation.

On January 18, 2008, Defendant filed the Motion. On January 30, 2008, the government filed a resistance to the Motion. On February 1, 2008, United States Magistrate Judge Jon Stuart Scoles ("Magistrate Judge Scoles") held a hearing on the Motion ("Hearing").

On February 6, 2008, Magistrate Judge Scoles entered a Report and Recommendation, which recommended that the Motion be denied. Magistrate Judge Scoles concluded that the state court search warrant was supported by probable cause, and, alternatively, that the *Leon*[1] good faith exception applied. On February 19, 2008, Defendant filed the Objections. The matter is fully submitted, and the court now turns to consider it.

## III. STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required"). The judge may accept, reject or modify,

---

[1] *United States v. Leon*, 468 U.S. 897, 922 (1984).

in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 similarly explains that "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . . The magistrate judge must promptly conduct the required proceedings." Fed. R. Crim. P. 59(b)(1). Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "The district judge must consider *de novo* any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

Because Defendant made timely and specific objections in this case, the following *de novo* review is required. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

## IV. THE MERITS

### A. Findings of Fact

Defendant did not object to the findings of fact that Magistrate Judge Scoles included in the Report and Recommendation. After a *de novo* review of the record, the court adopts Magistrate Judge Scoles's findings of fact in the Report and Recommendation.

### B. Relevant Law

#### 1. Fourth Amendment and Exclusionary Rule

The Fourth Amendment to the United States Constitution states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV. "Determinations of probable cause must be premised on the totality of the circumstances." *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). "'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"

*Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  An issuing magistrate may rely on the sworn oral testimony of a law enforcement officer to supplement "a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant." *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir. 1971) (citation omitted); *see also United States v. Berkus*, 428 F.2d 1148, 1150 (8th Cir. 1970) (holding that "substantive practicalities" allow the issuing magistrate to rely on sworn oral testimony to supplement the affidavit); *Gillespie v. United States*, 368 F.2d 1, 3-4 (8th Cir. 1966) (recognizing that probable cause may be shown in an affidavit or in sworn testimony taken before the magistrate prior to the issuance of the warrant) (discussing Iowa law); *cf. State v. Thomas*, 540 N.W.2d 658, 661-62 (Iowa 1995) (requiring that all essential facts bearing on the existence of probable cause must be included in an affidavit or affidavits presented to the issuing officer or in the issuing officer's abstract or abstracts of sworn oral testimony).  "While it [is] preferable to make a contemporaneous recording of [sworn oral] testimony, . . . there is nothing in the Fourth Amendment to require the adoption of such a procedure." *Campbell v. Minnesota*, 487 F.2d 1, 4-5 (8th Cir. 1973).

Other circuit courts of appeals agree that a reviewing court may properly consider the unrecorded sworn oral testimony of a law enforcement officer to supplement a duly executed affidavit to determine whether there was probable cause upon which to issue a search warrant. *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994); *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992); *United States v. Hill*, 500 F.2d 315, 320-21 (5th Cir. 1974); *United States ex rel. Gaugler v. Brierley*, 477 F.2d 516, 522-23 (3d Cir. 1973); *Boyer v. Arizona*, 455 F.2d 804, 806 (9th Cir. 1972).  *But see United States v. Hittle*, 575 F.2d 799, 802 (10th Cir. 1978) (holding that "oral additions to a search warrant affidavit must be recorded and made part of the affidavit, otherwise evidence seized under an incomplete warrant must be suppressed"); *cf. United States v. Rome*, 809 F.2d 665, 669 (10th Cir. 1987) (distinguishing *Hittle*).  Recently, the Sixth Circuit Court of Appeals affirmed this principle.  *United States v. Tran*, 433 F.3d 472, 482 (6th Cir. 2006).

"An issuing judge's probable cause determination is entitled to substantial deference." *United States v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006) (citing *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996)). "[T]he duty of a reviewing court is simply to ensure the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39 (citations, internal quotation marks and alterations omitted). However, if the reviewing court finds a search to be unlawful, the "exclusionary prohibition" provides that "evidence seized during an unlawful search [cannot] constitute proof against the victim of the search." *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

### 2. *Exception to the Exclusionary Rule*

The Supreme Court in *Leon*, 468 U.S. at 922, explained the circumstances under which evidence obtained by police officers acting in good faith, although pursuant to an unlawfully issued search warrant, may nonetheless be admissible. In general, disputed evidence will be admissible if the officer executing the unlawful search warrant was "objectively reasonable" in relying in good faith on the issuing magistrate's probable cause determination. *Id.* However, there are

> four circumstances in which an officer's reliance on a search warrant would be objectively unreasonable: (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer could not reasonably presume the warrant to be valid.

*United States v. Grant*, 490 F.3d 627, 632-33 (8th Cir. 2007) (internal citations and quotations omitted).

As to "the third *Leon* exception[,] . . . [w]hen assessing the objective [reasonableness] of police officers executing a warrant, [a reviewing court] must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *United States v. Marion*, 238 F.3d 965, 969 (8th Cir. 2001) (first alteration in original) (quotations omitted). Information known to the executing officer, "plus [any] information in the affidavit [that supports the warrant application] . . .[, may be] sufficient to show that the executing [officer's] reliance on the issuing judge's determination of probable cause . . . was objectively reasonable." *Id.* Indeed, the third *Leon* exception does not apply if the executing officer's personal knowledge establishes a connection between the criminal activity and the residence described in the affidavit that is part of the warrant application. *United States v. Guzman*, 507 F.3d 681, 685-86 (8th Cir. 2007).

## C. Analysis

In the Objections, Defendant propounds eight objections to the Report and Recommendation. The court addresses each of these objections in turn.

### 1. Objection 1

Defendant objects to the conclusion in the Report and Recommendation that a judge may properly "consider sworn oral testimony that is not recorded, reduced to an abstract, or otherwise preserved for later review when assessing whether a warrant is supported by probable cause." Objections, at 1. Specifically, Defendant argues that the court should consider Cedar Rapids Police Officer Rebecca Fort's application for a search warrant ("Warrant Application"), which includes her written affidavit ("Affidavit"), but it may not consider the supplemental sworn oral testimony of Officer Fort; Defendant contends that the additional testimony Officer Fort provided to Iowa District Court Associate Judge Jane Spande cannot be considered when determining whether probable cause existed. Defendant notes that Federal Rule of Criminal Procedure 41(d)(2)(C) directs the issuing

magistrate to require either a transcript or recording of any oral testimony that serves as a basis for granting a warrant application. Defendant also notes that the Iowa Code section 808.3 requires a written abstract of any oral testimony that serves as a basis for granting a warrant application. *See* Iowa Code § 808.3 (2007) ("If the magistrate issues the search warrant, the magistrate shall endorse on the application the name and address of all persons upon whose sworn testimony the magistrate relied to issue the warrant together with the abstract of each witness' testimony, or the witness' affidavit.")

The court agrees with Defendant that it is certainly preferable for the issuing magistrate to require a transcript, recording or written abstract of any sworn oral testimony. *See Campbell*, 487 F.2d at 4-5. However, a preference does not amount to a necessary condition under the Fourth Amendment. Apart from relying on an affidavit, an issuing magistrate may properly rely on sworn oral testimony, which is not transcribed, recorded or appended to the warrant application as a written abstract, when making a probable cause determination. *Id.*; *see also Frazier*, 441 F.2d at 1226; *Berkus*, 428 F.2d at 1150. Therefore, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### 2.    *Objection 2*

Defendant objects to the conclusion in the Report and Recommendation that there was a fair probability that evidence of a crime would be found at a residence at 80th Street Northwest in Palo, Iowa ("Residence"), because the Affidavit alone provided an insufficient link to support a finding of probable cause for the search warrant ("Warrant") issued by Judge Spande. Objection 2, however, fails for two reasons. First, as explained above, Judge Spande properly considered the Supplemental Testimony in support of the Warrant Application. Defendant cites *United States v. Martin*, 833 F.2d 752, 755-56 (8th Cir. 1987) (citing *Whiteley v. Warden*, 401 U.S. 560, 565 n.8 (1971)), for the proposition that a court may not consider facts external to the affidavit that is part of the warrant application when making its probable cause determination. Defendant's interpretation is

misleading; the Supreme Court made plain that the reviewing court may not consider "information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate." *Whiteley*, 401 U.S. at 565 n.8. Such holding is entirely consistent with the holdings of *Frazier* and *Berkus*, because any sworn oral testimony before the issuing magistrate is, by definition, "disclosed to the issuing magistrate." *Id*.

Second, the Affidavit and the Supplemental Testimony provided more than a fair probability that evidence of a crime would be discovered at the Residence. The Affidavit explained that Defendant's son displayed a dagger to fellow students at Taft Middle School ("Taft") and described in detail a plan to shoot fellow students with Defendant's AK-47 rifle. At the Hearing, Officer Fort testified that, as part of her Supplemental Testimony, she informed Judge Spande that, after conversing with Taft's principal, she knew Defendant and his son lived at the Residence. Criminal activity, therefore, was linked sufficiently to the Residence, that is, the place to be searched pursuant to the Warrant. Therefore, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### 3. Objections 3-4

Defendant objects to the legal conclusion in the Report and Recommendation that it is unnecessary to consider the *Leon* good faith exception ("Objection 3"). Defendant disputes that the *Leon* good faith exception applies, because the Report and Recommendation improperly applies a totality of the circumstances test to Officer Fort's conduct ("Objection 4").

At the outset, the court notes that it agrees with the legal conclusion in the Report and Recommendation that probable cause existed to issue the Warrant. Nevertheless, the court deems it appropriate to address Objection 3 and Objection 4.

Defendant implicitly employs the third exception to *Leon*'s good faith rule, namely, the Affidavit "in support of the [W]arrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable . . . ." *Grant*, 490 F.3d at

632-33. Defendant must meet an exacting standard, namely, that the executing officer's "reliance on the warrant was objectively unreasonable based on an affidavit so lacking indicia of probable cause." *United States v. Johnson*, 78 F.3d 1258, 1263 (8th Cir. 1996). The inquiry is confined "'to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization . . . .'" *Grant*, 490 F.3d at 632 (alteration in original) (quoting *Leon*, 468 U.S. at 922 n.3). The Eighth Circuit Court of Appeals's holding in *United States v. Herron*, 215 F.3d 812 (8th Cir. 2000), indicates that the executing officer must know that the issuance of the warrant was based on no evidence, rather than merely weak evidence, for *Leon*'s safe harbor to be inapplicable. *Id.* at 814 (holding that *Leon* good faith exception did not apply where officers relied on warrant based on affidavit that contained "no evidence . . . that [marijuana or the implements of marijuana production] would be found" at defendant's home (alterations in original)).

Here, the court is unable to conclude that the Affidavit is lacking in indicia of probable cause, and the totality of the circumstances reveal that Officer Fort was objectively reasonable in relying on the Warrant. Officer Fort possessed information that Defendant's son had threatened to shoot his fellow students with an AK-47 rifle owned by Defendant; she knew that Defendant and his son lived at the Residence. Since "'there [was] a fair probability that contraband or evidence of a crime [would] be found [at the Residence],'" *see Williams*, 477 F.3d at 557 (quoting *Gates*, 462 U.S. at 238), the court is unable to conclude that Office Fort was "objectively unreasonable" in relying on the validity of the Warrant, *see Grant*, 490 F.3d at 632-33. Therefore, the court shall overrule Objection 3 and Objection 4 and adopt the analysis set forth in the Report and Recommendation.

### 4. Objections 5-8

Defendant objects to the reliance in the Report and Recommendation on two Eighth Circuit Court of Appeals's decisions ("Objection 5"), namely, *Marion*, 238 F.3d at 965,

and *Guzman*, 507 F.3d at 681. According to Defendant, the procedure described in *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002), properly applies to a review of Officer Fort's conduct ("Objection 6"). In any case, Defendant objects to the conclusion in the Report and Recommendation that, considering the totality of the circumstances, Officer Fort's personal knowledge bears on the court's *Leon* good faith exception analysis ("Objection 7"). Therefore, Defendant objects to the conclusion that the evidence seized pursuant to the Warrant is admissible under the *Leon* good faith exception ("Objection 8").

Objection 5 fails, because *Marion*, 238 F.3d at 969, and *Guzman*, 507 F.3d at 685, guide the court's analysis of Officer Fort's conduct. Contrary to Defendant's interpretation, neither *Marion*, 238 F.3d at 969, nor *Guzman*, 507 F.3d at 685, limits the totality of the circumstances test to whether the executing officer acted in good faith. Defendant incorrectly contends that the totality of the circumstances test does not apply to the first part of the third *Leon* good faith exception, namely, whether an affidavit that is part of the warrant application is lacking in indicia of probable cause. Defendant proposes that the court must consider only "the face of the particular affidavit at hand" prior to any consideration of the executing officer's good faith conduct, and he cites *Martin*, 297 F.3d at 1313, in support of his proposition. The court does not believe that Defendant correctly interpreted *Martin*, and there is no support for Defendant's interpretation in either in *Marion*, 238 F.3d at 965, or *Guzman*, 507 F.3d at 681. In other words, Objection 5 insists on a restriction to the totality of the circumstances test that does not appear in the text of either holding.

Objections 6 and 7 also fail, because the Eighth Circuit Court of Appeals in *Marion*, 238 F.3d at 965, and *Guzman*, 507 F.3d at 681, squarely addressed the proper analysis under the third *Leon* good faith exception. In light of the guidance from the Eighth Circuit Court of Appeals, Defendant's suggestion that the holding in *Martin*, 297 F.3d at 1308, sets forth the proper procedure is incorrect. Simply put, when analyzing whether the third

*Leon* good faith exception applies, it is proper for a reviewing court to consider "both information in the affidavit supporting the search warrant . . . plus the [executing] officer's knowledge of criminal activity that was not included in the affidavit." *Guzman*, 507 F.3d at 685 (citing *Marion*, 238 F.3d at 969). Defendant urges the court to make a distinction between an executing officer's knowledge of criminal activity not appearing in an affidavit and an officer's knowledge of a location not appearing in the affidavit, that is, the former suffices for *Leon* purposes while the latter does not. The court declines to distinguish Eighth Circuit Court of Appeals's case law on that basis. Therefore, the court concludes that the Report and Recommendation properly considered Officer Fort's knowledge of the location to be searched when assessing her conduct under the third *Leon* good faith exception.

Objection 8 fails for the reasons explained herein: the Warrant was supported by probable cause, and, even if the Warrant lacked probable cause, the seized evidence is admissible under *Leon*. Therefore, the court shall overrule Objections 5-8 and adopt the analysis set forth in the Report and Recommendation.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1)     The Objections to Report and Recommendation (docket no. 22) are **OVERRULED**;

(2)     Magistrate Judge Scoles's Report and Recommendation (docket no. 17) is **ADOPTED**;

(3)     Defendant's Motion (docket no. 11) is **DENIED**; and

(4)     The period between the filing of Defendant's Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C.

11

§ 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA